**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| TEXAS IP RESEARCH, LLC,<br>    *Relator*,<br>          v.<br><br>(1) CHEMTURA CORPORATION,<br>(2) MAKHTESHIM AGAN INDUSTRIES LTD.,<br>(3) MAKHTESHIM CHEMICAL WORKS, LTD., and<br>(4) MAKHTESHIM AGAN OF NORTH AMERICA, INC.,<br>    *Defendants*. | Civil Action No. 5:10-CV-014<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR FALSE PATENT MARKING**

Relator Texas IP Research, LLC ("Relator") makes the following allegations against Chemtura Corporation ("Chemtura") and related Makhteshim Agan Industries Ltd., Makhteshim Chemical Works, Ltd., and Makhteshim Agan of North America, Inc. (collectively, "Makhteshim") (all defendants, collectively, "Defendants"):

**NATURE OF THE ACTION**

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

**PARTIES**

2. Relator is a Texas limited liability company having a principal place of business at 2623 Olive Street, Texarkana, TX 75503. Relator has appointed Thomas R. Carroll, Jr., 2623 Olive Street, Texarkana, TX 75503, as its agent for service of process.

3. On information and belief, defendant Chemtura is a Delaware corporation with its principal place of business at 199 Benson Road, Middlebury, CT 06749. Chemtura has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its agent for service of process.

4. On information and belief, defendant Makhteshim Agan Industries Ltd. is an Israeli corporation having its principal place of business at Golan Street, Airport City 70151, Israel. On information and belief, Makhteshim Agan Industries Ltd. may be served at Golan Street, Airport City 70151, Israel, via an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service.

5. On information and belief, defendant Makhteshim Chemical Works, Ltd. is a subsidiary of Makhteshim Agan Industries Ltd., and is an Israeli corporation having its principal place of business at P.O. Box 60, Beer Sheva 84100, Israel. Makhteshim Chemical Works, Ltd. may be served at P.O. Box 60, Beer Sheva 84100, Israel, via an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service.

6. On information and belief, defendant Makhteshim Agan of North America, Inc. is a subsidiary of Makhteshim Agan Industries Ltd., and is a Delaware corporation having its principal place of business at 4515 Falls of Neuse Road, Suite 300, Raleigh, NC 27609. Makhteshim Agan of North America, Inc. has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, DE 19904, as its agent for service of process.

7. **JURISDICTION AND VENUE**

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their

substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

10. Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendants have and/or continue (and/or have and continue to cause others) to transact business in this District, and have and/or continue (and/or have and continue to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendants have and/or continue (and/or have and continue to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

**FACTS**

11. Defendants have and/or continue (and/or have and continue to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent Nos. 5,142,064 ("the '064 Patent"), 4,980,376 ("the '376 Patent"), and 5,089,525 ("the '525 Patent"), true and correct copies of which are attached as Exhibits A-C, respectively, in connection with Defendants' products and/or related product packaging and advertisements, including, by way of example only, the Rimon 0.83EC Insecticide products, as illustrated in Exhibits D-H.

12. The '064 Patent (Exhibit A), which is titled "Organic Compounds Derived from Urea or Thiourea, Insecticidal Preparations on the Basis of the New Substances and Methods of Producing the Substances," was filed in the United States on July 7, 1986 and issued on August 25, 1992. The '064 Patent is a division of S/N 665,508, filed October

30, 1984, which is a continuation of S/N 302,591, filed September 15, 1981, which is a continuation of S/N 35,978, filed May 4, 1979, which is a division of S/N 717,633, filed August 25, 1976, which is a division of S/N 522,058, filed November 8, 1974, which is a division of S/N 354,393, filed April 25, 1973, which is a division of S/N 143,668, filed May 14, 1971. The '064 Patent was assigned to Uniroyal Chemical Company, which subsequently became Chemtura.

13. The '064 Patent expired, at the very latest, on August 25, 2009.

14. When the '064 Patent expired, all future rights in that patent ceased to exist.

15. The '376 Patent (<u>Exhibit B</u>), which is titled "Benzoyl-Ureas Having Insecticide Activity," was filed in the United States on June 19, 1990 and issued on December 25, 1990. The '376 Patent is a continuation of S/N 405,588, filed September 11, 1989, which is a continuation of S/N 296,889, filed January 12, 1989, which is a continuation of S/N 185,373, filed April 21, 1988, which is a continuation of S/N 71,583, filed July 9, 1987, which is a continuation of S/N 868,010, filed May 29, 1986.

16. The '376 Patent expired, at the very latest, on December 25, 2007.

17. When the '376 Patent expired, all future rights in that patent ceased to exist.

18. The '525 Patent (<u>Exhibit C</u>), which is titled "N-(Halobenzoyl)-N'-2-Halo-4-(1,1,2-TRI-Fluoro-2(Trifluoro-Methoxy)E-Thoxy)-Phenyl-Ureas with Insecticidal Activity," was filed in the United States on September 2, 1988 and issued on February 18, 1992.

19. The '525 Patent expired, at the very latest, on February 18, 2009.

20. When the '525 Patent expired, all future rights in that patent ceased to exist.

21. Subsequent to expiration of the '064 Patent, the '376 Patent, and the '525 Patent, Defendants have and/or continue (and/or have and/or continue to cause others) to mark upon, affix to, and/or use in advertising these patents in combination with their Rimon 0.83EC Insecticide products.  *See, e.g.*, Exhibit D (containing, in part, product literature, which was available on Chemtura's website at or near the time of filing of this Original Complaint,[1] bearing a copyright date of 2010 and a printed on date of June 25, 2010, having an electronic creation date of July 19, 2010 and an electronic modification date of October 21, 2010, and marking, affixing, and/or advertising the Rimon 0.83EC Insecticide products in combination with the '064 Patent, the '376 Patent, and the '525 Patent); Exhibit E (containing product literature, bearing a printed on date of February 12, 2010 and a product expiration date of August 21, 2011, having an electronic creation date of May 20, 2010 and an electronic modification date of June 2, 2010, and marking, affixing, and/or advertising the Rimon 0.83EC Insecticide products in combination with the '064 Patent, the '376 Patent, and the '525 Patent); Exhibit F (containing product literature, bearing a printed on date of January 29, 2009, having an electronic creation date of February 27, 2009 and an electronic modification date of March 18, 2009, and marking, affixing, and/or advertising the Rimon 0.83EC Insecticide products in combination with the '064 Patent, the '376 Patent, and the '525 Patent); Exhibit G (containing product literature, bearing a printed on date of March 4, 2010, having an electronic creation date of March 15, 2010 and an electronic modification date of March 16, 2010, and marking, affixing, and/or advertising the Rimon 0.83EC Insecticide products in combination with the '064 Patent, the '376 Patent, and the '525 Patent);

---

[1] Chemtura's website, accessed by entering the following search string into www.google.com: *www.chemtura agrosolutions.com 0.83ec patent* (last accessed Jan. 20, 2011).

Exhibit H (containing product literature, bearing a label expiration date of December 31, 2013 and a printed on date of September 8, 2008, having an electronic creation date of September 9, 2008 and an electronic modification date of September 10, 2008, and marking, affixing, and/or advertising the Rimon 0.83EC Insecticide products in combination with the '064 Patent, the '376 Patent, and the '525 Patent).

22. Defendants are large, sophisticated companies. *See, e.g.*, Exhibit I at p. 2 (containing, in part, Chemtura's 2009 Annual Report, indicating that Chemtura is a "global diversified producer of specialty chemicals, polymer products and crop protection chemicals and a leading U.S. supplier of pool and spa chemicals"); Exhibit J (containing, in part, Makhteshim Agan Industries Ltd.'s quarterly report for the period ending in September 30, 2010, indicating that "[a]t the reporting date [Makhteshim] is the leading global generic manufacturer of crop protection products, and sells its products in more than 100 countries worldwide").

23. Defendants have, and routinely retain, sophisticated legal counsel. *See, e.g.*, Exhibit I at p. 127 (noting Chemtura's general counsel); Exhibit J (indicating that "[i]n the ordinary course of business, legal claims were filed against [Makhteshim] subsidiaries, including two motions for class action recognition, as well as claims for patent infringement").

24. Defendants have decades of experience applying for, obtaining, licensing, and/or litigating patents. *See*, *e.g.*, Exhibit I at 13 (indicating that Chemtura has "approximately 3,500 United States and foreign granted patents and pending patent applications and approximately 4,700 United States and foreign registered and pending trademarks");

Exhibit J (indicating that "[i]n the ordinary course of business, legal claims were filed against [Makhteshim] subsidiaries, including . . . claims for patent infringement").

25. Defendants know, and at the very least reasonably should know, that the above expired patents do not cover any of the accused products, or any products whatsoever. *See, e.g.*, Exhibit I at p. 72 (demonstrating Chemtura's knowledge of the limited lifetime of patents by indicating that "[p]atents, trademarks and other intangibles are being amortized principally on a straight-line basis using the following ranges for their useful lives: patents 4 to 20 years"); Exhibit J ("The foregoing plan expresses [Makhteshim's] strategic emphasis for the coming years to reach the full potential deriving from the accelerating pace of patent expiration and the continuous growth of the generic market share of the global agrochemical industry . . . .").

26. As a result of its false marking, Defendants have injured the United States Government, including its sovereign interest, and Defendants' existent and potential competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense associated with enforcement. *See, e.g.*, Exhibit I at p. 13 (indicating that "[p]atents . . . assist [Chemtura] in maintaining the competitive position of certain of [Chemtura's] products."); Exhibit J ("The foregoing plan expresses [Makhteshim's] strategic emphasis for the coming years to reach the full potential deriving from the accelerating pace of patent expiration and the continuous growth of the generic market share of the global agrochemical industry . . . .").

## CLAIM

27. Relator incorporates paragraphs 1–26, as if fully set forth herein. Defendants have violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising its

products, including, without limitation, the Rimon 0.83EC Insecticide products, with intent to deceive the public.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a). A judgment in favor of Relator that Defendants have falsely marked items in violation of 35 U.S.C. § 292;

(b). A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c). An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d). An award of pre-judgment and post-judgment interests on any monetary award;

(e). An injunction prohibiting Defendants, and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f). Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

-9-

| | |
|---|---|
| Dated: January 20, 2011 | Respectfully submitted, |

By: /s/ Hao Ni

Hao Ni – LEAD COUNSEL
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
(214) 800-2631
hni@nilawfirm.com

Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com

**Attorneys for Relator
TEXAS IP RESEARCH, LLC**